### Emma Polzin, Executrix, et al., Defendants in Error, v. P. F. McCarthy, Plaintiff in Error.

### Gen. No. 15,190.

EVIDENCE—*when as to general custom competent.* Evidence of a general custom is competent to the effect that after a real estate agent authorized to collect rents has made a lease on behalf of the owner if his authority to collect rents is terminated he is entitled to a commission of two and one-half per cent. on the amount of rent for the unexpired term of such lease.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed January 24, 1911.

GUERIN, GALLAGHER & BARRETT, for plaintiff in error.

CHILTON P. WILSON, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

William C. Polzin and others, defendants in error, brought suit in the Municipal Court of Chicago against Patrick F. McCarthy, plaintiff in error, and recovered a judgment on a directed verdict on one of the numerous items set out in the plaintiffs' bill of particulars for $402.88.

It appears from the record that the defendants in error (hereinafter called plaintiffs) were the owners of a large flat building, called the Pomerania, contain-

ing twenty-six flats, seven stores and seven offices, and other buildings. Plaintiff in error (hereinafter called defendant) was a real estate and insurance agent. In September, 1895, an agreement between the plaintiffs and defendant was made whereby the plaintiffs employed the defendant as their agent to attend to the renting and collecting of the rents for three per centum commission, and the defendant was also to have the placing of insurance on the properties, receiving his commission for insurance from the insurance companies. No specific length of time for the continuance of the agency was mentioned. The defendant discharged the duties of his agency, renting and collecting the rents and placing the insurance. He rendered regular monthly statements of his business to the plaintiffs with checks to balance the statements.

On September 26, 1905, shortly after a new renting year began, and after the defendant had made leases for the next year, the plaintiffs wrote him a letter demanding the delivery to the latter of all "monies, leases, insurance policies and papers belonging to the Pomerania and the estate of the Polzin Brothers," and setting the date for the termination of the services of the defendant as agent for September 28, 1905.

On October 3, 1905, the defendant sent to the plaintiffs a statement and check for $282.72 to balance the account, and notifying plaintiffs they could have the leases by calling for them or giving their representative an order on the defendant to turn them over to him.

The statement contained many items of debit and credit, and among them an item "To Comm. on unexpired leases $402.88." At the trial no evidence was offered by the plaintiffs as to this item, but they simply claimed that it was wrongfully withheld by the defendant. The defendant endeavored to show a general custom and usage in the city of Chicago for more than twenty years prior to 1896, and at all times since then prevailing among real estate agents and generally by

the owners of real estate to the effect that when an agreement was made between an owner and an agent by which it was provided that the agent should rent certain property and makes the collections thereon, but did not provide as to the period of time during which the agency was to continue, if after the agent had made leases of the property or parts thereof, the owner terminated the agency and so prevented the agent from collecting the rents on the unexpired leases, the agent should receive from the owner as compensation for the leases made and outstanding two and one-half per cent. upon the aggregate amount of the rent to fall due under the leases. The court sustained objections to questions asked the defendant as to the existence of such general custom and usage and what the custom was and finally sustained an objection to an offer of proof showing the existence of such custom as above stated. Having excluded the evidence offered by the defendant, the court directed a verdict for the above item of $402.88.

This ruling of the court was erroneous and the judgment of the court entered on the directed verdict must be reversed. The evidence was competent and should have been admitted. Steidtmann v. The Joseph Lay Co., 234 Ill. 84; Off v. J. B. Inderrieden Co., 74 Ill. App. 105.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*